UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN A. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 15 C 2155<br><br>Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Jean A. Johnson seeks judicial review of a final decision of the Commissioner of Social Security, denying her request for a waiver of overpayment. The parties have consented to the jurisdiction of the United States Magistrate pursuant to 28 U.S.C. § 636(c). Before this Court is Plaintiff's Motion to Reverse the Decision of the Commissioner and the Commissioner's Motion for Summary Judgment. For the reasons that follow, Plaintiff's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Opinion.

## I. BACKGROUND

### A. Procedural History

On August 27, 2012, the Commissioner notified Plaintiff of an $81,670 overpayment, which had accrued during the period of August 2002 through December 2011. (R. at 25–28). Plaintiff was given 30 days to repay the overpayment or file an appeal

or request a waiver. (*Id.* at 26–27). On October 31, 2012, Plaintiff filed a Request for Waiver of Overpayment Recovery or Change in Repayment Rate. (*Id.* at 29–41).

Plaintiff resides with her 13-year-old son, owns a 2010 Honda Accord valued at $7,156, and reported $442 in her savings account, $1,312 in her checking account, and $230 in other assets. (R. at 33). As for monthly income, Plaintiff asserted that she receive $1,259 in Disability Insurance Benefits (DIB) on behalf of her and her son, $929.80 in pension benefits from the State of Illinois, and $1,849 in workers' compensation benefits. (*Id.* at 35). As for monthly expenses, she reported $500 for food, $540 for utilities, $250 for clothing, $700 for credit card payments, $668 for property and other taxes, $169 for insurance, $540 for medical expenses, $500 for automobile expenses, and $360 for loan payments. (*Id.* at 36). Plaintiff also asserted that she has $4,450 in annual expenses for "farm payments." (*Id.*).

On November 1, 2012, Plaintiff informed the Commissioner that she was previously overpaid from June 2004 through September 2008. (R. at 280). She did not dispute this overpayment and went without receiving Social Security benefits from October 2008 through September 2011. (*Id.*). Her Social Security payments resumed in October 2011 and she was informed "by Social Security that whatever overpayment being claimed had been paid back." (*Id.*).

On December 20, 2012, the Commissioner determined that Plaintiff was not at fault for the overpayment, as it was due to the Agency's lack of information regarding Plaintiff's workers' compensation payments. (R. at 60). However, the Commis-

sioner denied Plaintiff's waiver request as "she has the means to repay the overpayment." (*Id.*).

On January 11, 2013, the Agency informed Plaintiff that it had received her waiver request and that she would continue to receive $1,085 in monthly benefits until a determination is made. (R. at 331). Several days later on January 16, Plaintiff requested written documentation regarding the exact amount of her overpayment and the calculations determining that such an amount was owed. (*Id.* at 332). On February 7, the Commissioner denied Plaintiff's request for a waiver, finding that she has the means to make repayments. (*Id.* at 65–68). Thereafter, on February 15, the Agency informed Plaintiff that her monthly benefits would be reduced to $235 beginning in February 2013, with her full regular monthly benefits resuming in April 2021. (*Id.* at 70–71).

**B. Administrative Hearing**

On June 27, 2013, Plaintiff testified at a hearing before an Administrative Law Judge (ALJ). (R. at 386–422). The ALJ first questioned Plaintiff about her lack of legal representation. (*Id.* at 391). Plaintiff explained that she sought the advice of some attorneys but that they would not represent her in an overpayment case without a retainer. (*Id.*). The ALJ provided Plaintiff with information regarding attorney representation and offered her more time to locate representation, but Plaintiff decided to proceed without an attorney. (*Id.* at 391–92).

Plaintiff testified that she lives with her dependent son and receives Social Security benefits for her and her son, the combined monthly amount of which is $343.

(R. at 397–99). Her monthly income also includes $644 in child support, $1,844 in workers' compensation benefits, and $900 from her State of Illinois pension. (*Id.* at 400–01). The ALJ reviewed the waiver of overpayment form that Plaintiff had previously completed and asked her to verify the amounts. Plaintiff testified regarding various living expenses, including a loan that she took out for purchase of her car. (*Id.* at 403–04). She asserted that her monthly expenses include $290 for utilities, $300 for her cellular phone, $700 for food, and various taxes that total $4,200 annually. (*Id.* at 407–11). When the ALJ questioned Plaintiff about the discrepancies between her oral testimony and her previous written statements, Plaintiff responded that she had been confused about how to complete the form at the field office. (*Id.* at 409, 417).

## C. ALJ Decision

On September 9, 2013, the ALJ issued a written decision denying Plaintiff's request for waiver of her overpayment. (R. at 10–16). As an initial matter, the ALJ determined that Plaintiff was overpaid $80,820 in benefits from June 2004 through September 2008. (*Id.* at 15). The ALJ then determined that Plaintiff was not at fault for the overpayment because the Agency erroneously processed her workers' compensation information which led to an error offsetting her DIB. (*Id.*). Nevertheless, the ALJ found that recovery of the overpayment would not defeat the purpose of Title II of the Social Security Act (Act) because Plaintiff "does not need substantially all of her current income, including benefits, to meet her ordinary and necessary living expenses." (*Id.*). In making this finding, the ALJ determined that her

monthly income totaled $4,692 while her monthly expenses totaled $3,230. (*Id.*). The ALJ further found that Plaintiff testified "to many extraordinary expenses which are not included in the calculation of ordinary and living expenses." (*Id.* at 16). Thus, the ALJ found that Plaintiff had a monthly surplus of $1,312 and can afford to repay the Agency. (*Id.*). The ALJ also found that recovery of the overpayment would not be against equity and good conscience because Plaintiff neither changed her position for the worse, nor relinquished a valuable right, because of reliance upon the overpayment. (*Id.*).

## II. ANALYSIS

"The Agency must seek a refund from a person to whom it has mistakenly made an overpayment of disability benefits." *Wilkening v. Barnhart*, 139 F. App'x 715, 718 (7th Cir. 2005); *see* 42 U.S.C. § 404(a). However, "the Agency may not recover an overpayment from the recipient when: (1) the recipient is without fault and (2) recovery would defeat the purpose of the Social Security Act or would be against equity and good conscience." *Wilkening*, 139 F. App'x at 719 (citation omitted); *see* 42 U.S.C. § 404(b). Here, the parties agree that Plaintiff is without fault; therefore, the issue is whether recoupment of the overpayment would defeat the purpose of the Act or would be against equity and good conscience.

Plaintiff offers several arguments in challenging the ALJ's decision to deny her waiver of overpayment. First, she contends that the ALJ failed to obtain a proper waiver of representation. (Mot. 10–11). Next, she argues that the ALJ failed to adequately develop the record of her case. (*Id.* 11–13). Plaintiff then argues that the

ALJ improperly determined that the repayment would not defeat the purpose of the Act and would not be against equity and good conscience. (*Id.* 13–19). Finally, Plaintiff contends that the ALJ improperly reopened the prior determination of the overpayment amount. (*Id.* at 19–21).

## A. Waiver Of Counsel

Plaintiff contends that her lack of representation triggered a heightened standard in regards to the ALJ's duty to develop a full and fair record. (Mot. 10–11). Plaintiff also argues that the ALJ improperly elicited a waiver of representation from her at the hearing. (*Id.*).

A claimant has a statutory right to counsel at the administrative hearing. 42 U.S.C. § 406; 20 C.F.R. 404.1700. Nevertheless, "[i]f properly informed of the right [to attorney representation at a social security hearing], the claimant may waive it." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). For the waiver to be valid, the ALJ must "explain to the *pro se* claimant: (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.* (citing *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir. 1991)); *see Ferguson v. Barnhart*, 67 F. App'x 360, 365 (7th Cir. 2003). Here, a reasonable reading of the transcript indicates that the ALJ properly informed Plaintiff of her right to counsel and explained fully how an attorney may aid in the proceedings. (R. at 390–92). After the ALJ provided information regarding an attorney, she offered Plaintiff more time to seek representation, as well as resources

to assist in helping her locate attorneys. (*Id.* at 391). Plaintiff declined representation unambiguously and informed the ALJ that she "got all the documents that I could possibly get" and that she "did not think an attorney would be of much more help." (*Id.* at 392). Under these circumstances, the Court finds that Plaintiff's waiver of counsel was valid.

While the waiver of representation was valid, the ALJ still had a duty to fully and fairly develop the record for the *pro se* Plaintiff. "[T]he ALJ in a Social Security hearing has a duty to develop a full and fair record. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). "This duty is enhanced when a claimant appears without counsel; then the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* (citation omitted). "[T]he ALJ has the same duty to develop the record when a plaintiff is without counsel regardless of whether the plaintiff's waiver of counsel was valid . . . ." *Binion*, 13 F.3d at 245. Thus, "the ALJ is required to supplement the record, as necessary, by asking detailed questions . . . and contacting sources to request additional records and information." *Nelms*, 553 F.3d at 1098; *see* 20 C.F.R. §§ 416.912(d)–(f), 416.919, 416.927(c)(3). Nevertheless, if the ALJ secures a valid waiver, the claimant must demonstrate that any record omission was prejudicial. *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997); *see Luna v. Shalala,* 22 F.3d 687, 692 (7th Cir. 1994) (A "significant omission is usually required before this court will find that the Secre-

tary failed to assist pro se claimants in developing the record fully and fairly.").[1] "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion*, 13 F.3d at 246.

## B. The ALJ Failed to Develop the Record

Plaintiff asserts that the ALJ failed to confirm the accuracy of the alleged overpayment. (Mot. 11–13). She contends that she previously paid more than $57,000 back on an earlier overpayment demand and disputed the existence of the two workers' compensation awards, arguing that there was only one award with a subsequent penalty placed on her *employer*. (R. at 9, 30, 72, 332, 400, 419–20). Despite Plaintiff's numerous requests to confirm the existence and amount of the overpayment, she was never given an explanation on how it was calculated. Instead, the ALJ merely concluded—without addressing Plaintiff's arguments—that she was overpaid $80,820 during the period of June 2004 through September 2008. (*Id.* at 15).

The Commissioner argues that the amount of the overpayment is not at issue because Plaintiff failed to exhaust her administrative remedies. (Resp. 3–5). In the Commissioner's opinion, Plaintiff cannot challenge the overpayment amount because that is a "separate administrative determination from a request to waive an overpayment." (*Id.* 4). The Commissioner contends that Plaintiff asked only for a waiver and, thus, cannot ask for a review of the overpayment amount. (*Id.* 4–5). But

---

[1] "When the ALJ does not obtain a valid waiver of counsel, the burden is on the [Commissioner] to show that the ALJ fully and fairly developed the record." *Nelson*, 131 F.3d at 1235 n.3.

the ALJ did not mention any failure to exhaust in her finding that the overpayment totaled $80,820. (R. at 15). The Court must limit its review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 90–93 (1943); *accord Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) ("We are particularly concerned about the *Chenery* violations committed by the government because it is a recurrent feature of the government's defense of denials of social security disability benefits, as this court has noted repeatedly."). In any event, in her request for an administrative hearing, Plaintiff clearly requested a review of the overpayment amount, arguing that the "amount owed does not add up" and asserting that the field office's determination was unreasonable. (R. at 72). And the hearing notice issued by the Agency states that the "general issues are whether you were overpaid benefits . . . and, if so, whether recovery of the overpayment may be waived." (*Id.* at 20). Further, the ALJ assured Plaintiff that she would "look into the issue" of the overpayment calculation. (*Id.* at 420). Because her alleged overpayment would be significantly reduced if the Agency determined that the overpayment amount was incorrectly calculated, Plaintiff has clearly established that she was prejudiced by the ALJ's failure to develop the record.

## C. ALJ's Determination of Plaintiff's Monthly Expenses Not Supported by Substantial Evidence

Recoupment of the overpayment defeats the purpose of the Act "where the person from whom recovery is sought needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary liv-

ing expenses." 20 C.F.R. § 404.508(b). "Ordinary and necessary" living expenses include

> (1) Fixed living expenses, such as food and clothing, rent, mortgage payments, utilities, maintenance, insurance . . . ; (2) Medical, hospitalization, and other similar expenses; (3) Expenses for the support of others for whom the individual is legally responsible; and (4) Other miscellaneous expenses which may reasonably be considered as part of the individual's standard of living.

*Id*. § 404.508(a). In this case, the ALJ concluded that Plaintiff did not need substantially all of her income, including benefits, to meet ordinary and necessary living expenses. (R. at 15). She calculated Plaintiff's income as $4,692 per month, and her expenses as $3,230 per month, thus concluding that she had a monthly surplus of $1,312 to meet her ordinary and necessary living expenses. (*Id.* at 15–16).

While Plaintiff agrees with the ALJ's calculation of her monthly income, she contends that the ALJ "made multiple errors in evaluating [her] expenses." (Mot. 14). The Court agrees. First, the ALJ failed to articulate why she accepted Plaintiff's hearing testimony—given from memory—over the written records Plaintiff had submitted. Given that Plaintiff proceeded without counsel, the ALJ was obligated to develop the record and inquire about the discrepancies. Second, even though the ALJ indicated that she was crediting Plaintiff's testimony over her written statement, the ALJ's calculations are not consistent with that testimony. For example, Plaintiff testified to $300 of monthly telephone expenses (R. at 410), which tracks the phone bills submitted (*id.* at 371), but, in her decision, the ALJ credited only $159 in monthly telephone expenses (*id.* at 15).

Finally, the ALJ excluded certain "extraordinary expenses," as outside the ambit of "ordinary and living expenses," but failed to identify which expenses were extraordinary and why. (R. at 16). While the regulations do not define "extraordinary expenses," they do reiterate that "ordinary and necessary" expenses include fixed living expenses such as utilities, maintenance, and insurance. 20 C.F.R. § 404.508(a)(1). Further, the Agency's internal operating manual states that in determining acceptable expenses, the ALJ should (1) "not impose rigid restrictions on acceptable expenses;" (2) not "exclude nonessential expenses such as entertainment;" (3) "allow such expenses as are consistent with the person's standard of living;" and (4) "fully document and explain any unusual individual circumstances." POMS § GN 02250.120(C)(1).[2] For example, that ALJ does not explain why Plaintiff's $200 monthly set-aside for home repairs are not "ordinary and necessary," even after Plaintiff emphasized that she required the set-aside to repair essential items, such as a broken well regulator, a fallen power line, and the septic system. (R. at 40, 411, 417). Similarly, the ALJ excluded entertainment expenses although the POMS guidelines explicitly state they should be included. Because Plaintiff was unrepresented, the ALJ had a duty to fully explore all relevant facts to insure that Plaintiff was being given credit for all applicable expenses before determining her

---

[2] The Program Operations Manual System (POMS) "is a handbook for internal use by employees of the Social Security Administration." *Parker v. Sullivan,* 891 F.2d 185, 189 n.4 (7th Cir. 1989). While POMS instructions "are not products of formal rulemaking," *Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffler,* 537 U.S. 371, 385 (2003), and have "no legal force," *Parker,* 891 F.2d at 190, "they nevertheless warrant [the Court's] respect," *Keffler,* 537 U.S. at 385; *see Anderson v. Colvin,* No. 12 CV 3871, 2013 WL 6132705, at *7 (N.D. Ill. Nov. 21, 2013).

amount of surplus income. The ALJ's determination of Plaintiff's monthly surplus is not supported by substantial evidence.

The Commissioner contends that any errors in calculating Plaintiff's expenses are harmless because even if the ALJ had accepted Plaintiff's written expense summary, she would still have been left with surplus monthly income of $453. (Resp. 6; *see* R. at 15). But because the *amount* of the surplus determines the amount withheld from future benefits, the errors are not harmless. For example, if the monthly surplus is only $453, the Agency would not withhold $850 a month for overpayment recoupment. (*See* R. at 70).

Further, even if the ALJ properly excluded some of Plaintiff's expenses as extraordinary, she was still obligated to inquire if recoupment would be against equity and good conscience. 20 C.F.R. § 404.509(a)(1). While the ALJ summarily concluded that recovery of the overpayment would not be against equity and good conscience (R. at 17), there is no indication that the ALJ made any inquiry or analysis to support her conclusion. Because the ALJ did not explain the basis for her conclusion, it is not supported by substantial evidence. *Young v. Barnhart,* 362 F.3d 995, 1002 (7th Cir. 2004) (the ALJ must build an "accurate and logical bridge from the evidence to his conclusion").

**D. Reopening Case**

Plaintiff also contends that the Commissioner has not provided good cause to reopen her case to assess an overpayment. (Mot. 19–21). This argument is unavailing. Pursuant to 20 C.F.R. § 404.989, good cause for reopening a case exists when: (1)


new and material evidence is furnished; (2) a clerical error in the computation or recomputation of benefits was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made. Here, the Agency could not reach a final decision regarding the amount of Plaintiff's disability benefits due to the pending nature of her workers' compensation benefits. The Agency was alerted in June 2003 to the workers' compensation claim. (R. at 82). On April 18, 2008, Plaintiff received a partial settlement for her workers' compensation claim but it remained pending because it was "not completely settled." (*Id.* at 94). Because the workers' compensation benefits may offset the amount received in disability benefits, the workers' compensation information was new and material to the Agency when it finally received it. The workers' compensation information was also good cause to reopen Plaintiff's file since it caused a clerical error in the computation of her disability benefits. Therefore, Plaintiff's entitlement to workers' compensation benefits provided the requisite good cause to reopen.

**D. Summary**

For the reasons set forth herein, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall fully develop the record in order to determine the correct amount of any overpayment and fully explore all relevant facts to insure that Plaintiff is being given credit for all applicable expenses before determining her amount of surplus income.

## III. CONCLUSION

For the reasons stated above, Plaintiff's request to remand is **GRANTED**, and Defendant's motion for summary judgment [20] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: October 13, 2016

MARY M. ROWLAND
United States Magistrate Judge